IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PIPER PARTRIDGE, individually**  **PLAINTIFFS**
**and as next of kin to KEAGAN SCHWEIKLE**
**and as special administratrix of the ESTATE**
**of KEAGAN SCHWEIKLE; DOMINIC**
**SCHWEIKLE, individually as father and next**
**of kin to KEAGAN SCHWEIKLE**

v.                    CASE NO. 4:17-CV-00460-BSM

**CITY OF BENTON, ARKANSAS,** *et al.*                    **DEFENDANTS**

## ORDER

Plaintiffs' first motion in limine [Doc. No. 99] to exclude evidence of Russell Comstock's guns is denied without prejudice and the parties are directed to approach the bench before eliciting testimony or offering exhibits on this issue.

Plaintiffs' second motion in limine [Doc. No. 100] to exclude evidence regarding Piper Partridge's 2022 arrest is not contested and is therefore granted. Defense counsel is instructed to approach the bench if counsel believes plaintiffs have opened the door for this evidence.

Defendants' motion in limine [Doc. No. 101] is granted on evidence regarding (1) dismissed claims, (2) deposition testimony of available witnesses, (8) expert testimony as to legal conclusions, (11) expert witnesses' reports, (12) expert testimony from any witness who has not been timely and properly disclosed as an expert, (15) settlement negotiations, (16) coverage by any third party, including the Municipal League, (17) golden rule testimony, and (18) testimony and arguments regarding the general state of policing.

Plaintiffs' counsel may seek reconsideration if they believe defendants have opened the door for this evidence.

The motion in limine is denied without prejudice on (3) actions leading up to the incident at issue, (4) technology issues, (5) character evidence regarding Officer Ellison, (6) evidence of unconstitutional policies of the City of Benton, (7) testimony that the City of Benton conducted more than one officer-involved shooting investigation, (8) expert testimony regarding the credibility of eye witness testimony, pre-shooting conduct, city policy violations and police canine operations, (9) evidence of subsequent law enforcement training, (10) evidence that defendants disparaged Keagan Schweikle, (11) expert witnesses' curriculum vitaes, and (14) testimony from law enforcement officers regarding Benton Police Department training and investigation procedures.

IT IS SO ORDERED this 26th day of January, 2024.

                                                                                                            UNITED STATES DISTRICT JUDGE