IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PIPER PARTRIDGE, Individually as mother
and next of kin to KEAGAN SCHWEIKLE
and as Special Administratrix of
the ESTATE OF KEAGAN SCHWEIKLE;
DOMINIC SCHWEIKLE, Individually as father
and next of kin to KEAGAN SCHWEIKLE**            **PLAINTIFFS**

V.            **CASE NO. 4:17-cv-00460-BSM**

**CITY OF BENTON, ARKANSAS;
KYLE ELLISON, Individually and as
Employee of City of Benton, Arkansas;
KIRK LANE, Individually and as
Employee of City of Benton, Arkansas; and
JOHN DOES 1-20, Individually and as
Employees of City of Benton, Arkansas**            **DEFENDANTS**

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND THE JUDGMENT

COME NOW, Defendants, CITY OF BENTON, Arkansas; KYLE ELLISON, in his Official Capacity; and KIRK LANE, in his Individual and Official Capacity, (collectively "Defendants") by and through undersigned counsel, and for their Renewed Motion for Judgment as a Matter of Law or in the Alternative, Motion to Alter or Amend the Judgment, state as follows:

1. This matter was tried before an eleven-person jury during the week of January 29, 2024. At the close of Plaintiffs' case, Defendants made an oral motion for judgment as a matter of law. At the close of Defendants' case, Defendants renewed their oral motion for judgment as a matter of law. The Court submitted the action to the jury subject to the Court deciding the legal questions raised in Defendants' oral motion. See Fed. R. Civ. P. 50.

2. On February 5, 2024, the jury found in favor of Officer Kyle Ellison, in his individual capacity, on the excessive force, battery and assault claims, and against former Chief of

Police Kirk Lane, in his individual capacity, and the City of Benton on the failure to train and failure to investigate claims. *See* **Doc. No. 146, Verdict Forms.**

3. Defendants file the instant motion as a renewed motion for judgment as a matter of law given Plaintiffs have been fully heard on their failure to train and failure to investigate claims, and a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiffs on said claims. See Fed. R. Civ. P. 50(b)(3). Additionally, Defendants file the instant motion to correct manifest errors of law given the jury reached a conclusion that is contrary to unambiguous, clearly established, binding case law. Fed. R. Civ. P. 59(e).

4. Foremost, because the jury found that Officer Ellison did not use excessive force or commit assault and battery, the City and former Chief Lane cannot be held liable on a failure to train or failure to investigate claim because there is no underlying constitutional violation. On that basis alone, the City and former Chief Lane are entitled to judgment as a matter of law.

5. Furthermore, the City and former Chief Lane are entitled to judgment as a matter of law because Plaintiffs failed to provide the jury with any evidence whatsoever to prove a custom of a failure to train or failure to investigate. Without evidence of said custom, inadequate training, or inadequate investigative procedures, the City and former Chief Lane cannot be held liable.

6. Lastly, former Chief Lane, in his individual capacity, is entitled to qualified immunity as a matter of law. Plaintiffs failed to present any evidence to the jury to establish a failure to train claim or failure to investigate claim, and there is no binding case law or robust consensus of persuasive authority decided as of October 17, 2016, that would put former Chief Lane on notice that his conduct was unlawful. In fact, all of the evidence presented to the jury establishes that former Chief Lane's conduct was lawful. Therefore, he is entitled to judgment as a matter of law.

7. For all of the reasons stated in the Brief in Support filed contemporaneously herewith, pursuant to Fed. R. Civ. P. 50(b)(3) and Fed. R. Civ. P. 59(e), Defendants respectfully request that the Court grant them judgment as a matter of law, grant former Chief Lane qualified immunity, set aside the jury's verdicts against former Chief Lane and the City, and amend the judgment accordingly.

WHEREFORE, Defendants pray that this Court grant their motion, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

**CITY OF BENTON, ARKANSAS; KYLE ELLISON, officially, and KIRK LANE, individually and officially**

**DEFENDANTS**

GABRIELLE GIBSON, Ark. Bar No. 2018113
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-537-3783
FACSIMILE: 501-537-7258
EMAIL: ggibson@arml.org

AND

JENNA ADAMS, Ark Bar. No. 2015082
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6115
FACSIMILE: 501-978-6558
EMAIL: jenadams@arml.org