IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PIPER PARTRIDGE, individually**  **PLAINTIFFS**
**and as next of kin to KEAGAN SCHWEIKLE**
**and as special administratrix of the ESTATE**
**of KEAGAN SCHWEIKLE; DOMINIC**
**SCHWEIKLE, individually as father and next**
**of kin to KEAGAN SCHWEIKLE**

v.                    CASE NO. 4:17-CV-00460-BSM

**CITY OF BENTON, ARKANSAS;**
**KYLE ELLISON; and KIRK LANE**        **DEFENDANTS**

## ORDER

The renewed motion for judgment as a matter of law [Doc. No. 149] submitted by the City of Benton and its former police chief Kirk Lane is granted, the verdicts entered against them are vacated, and all claims against them are dismissed with prejudice.

The parents of Keagan Schweikle sued the City, Lane, and police officer Kyle Ellison following Ellison's fatal shooting of Schweikle. After six days of trial, an eleven-person jury returned a verdict in favor of Ellison, finding that he neither used excessive force, nor did he batter or assault Schweikle. The jury, however, returned a verdict against the City and Lane on plaintiffs' claims that they failed to adequately train their officers and to investigate prior accusations of excessive force. Jury Verdict, Doc. No. 146. The question presented is whether the City and Lane can be held liable for failing to adequately train their officers and for failing to adequately investigate prior accusations of excessive force when the officer who used deadly force against Schweikle did not violate his rights.

The answer is no. *See, e.g., City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Swink v. City of Pagedale*, 810 F.2d 791, 794–95 (8th Cir. 1987). The City and Lane cannot be held liable for Schweikle's unfortunate death because there was no underlying violation of Schweikle's rights. *See Smith v. Kilgore*, 926 F.3d 479, 486 (8th Cir. 2019) (*Monell* claim properly dismissed in lawsuit by mother of man fatally shot by police officers because there was no constitutional violation by an individual officer and the fact that the decedent began to raise his gun toward officers would alone justify deadly force); *McCoy v. City of Monticello*, 411 F.3d 920, 922–23 (8th Cir. 2005) (city cannot be held liable unless the defendant police officer is found liable on an underlying substantive claim); *Roe v. Humke*, 128 F.3d 1213, 1218 (8th Cir. 1997) (police chief cannot be held liable given absence of underlying violation of constitutional rights). Therefore, judgment must be entered for the City and Lane even if Ellison's use of force against Schweikle resulted from specific rules or regulations of the City and Lane because Ellison did not violate Schweikle's rights. *See Heller*, 475 U.S. at 799 ("the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point").

IT IS SO ORDERED this 9th day of April, 2024.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE